LEWIS v. HINSON.

1. COSTS—SECOND ACTION—REAL PROPERTY.—A plaintiff paying the costs of a suit for possession of land as regularly taxed by the Clerk, has paid all costs required by law to be paid before bringing a second action, whether such taxation includes all or not.

2. IBID.—WITNESSES.—Fees of witnesses of losing party are not strictly *costs* but *disbursements,* and are not a part of the *costs,* to be paid by a plaintiff before bringing a second action for recovery of land.

3. IBID.—JURIES AND JURY TRIALS.—Whether the costs of a first action for land has been paid before bringing second action, is properly triable by a jury, and findings by Circuit Judge on motion heard by consent to dismiss for this reason, are not reviewable on appeal.

Before ALDRICH, J., Horry, June, 1899.    Affirmed.

Motion by defendants in case of Solomon G. Lewis and Wm. H. Small against Quincy Hinson, John Williamson, W. W. Jordan, Melvin White, Curtis Williamson, B. H. Hinson, and M. D. Elliot and wife.    Movants appeal.

*Messrs. Johnsons & Quattlebaum,* for appellants, cite: *On main question:* Code, 98, sub. 2; 42 S. C., 488; 47 S. C., 117.

*Messrs. Sellers & Sellers* and *F. D. Bryant,* contra.    The former cite: *Whether costs paid is question of fact submitted to Judge by consent, and this Court cannot review:* 3 S. C., 591; 5 S. C., 201; 22 S. C., 313; 42 S. C., 138; 44 S. C., 300; 40 S. C., 115; 39 S. C., 39, 175; 37 S. C., 419.

April 4, 1900.    The opinion of the Court was delivered by ·

MR. JUSTICE POPE.    This was an action instituted by the plaintiffs against the defendants, on the 24th day of June, 1897, for the recovery of possession of certain real estate, situated in Horry County and State of South Carolina. The same plaintiffs had instituted an action for the recovery of the same land against the same defendants on the 28th February, 1893, which resulted in a verdict for the defendants on the 26th June, 1895, from which no appeal was taken.    The defendants, in their answer to the action began in 1897, set up that this was a *second* action for the same land, between the same parties, and that the plaintiffs had failed to pay the costs of the first action prior to the commencement of the second action.    So, therefore, when the action was called for trial on Calendar No. 1 by his Honor, Judge Aldrich, the defendants moved to dismiss the complaint on these grounds, and testimony was submitted, along with the pleadings, to show that it was a second action between the same parties, for the same land, and that the costs of the first action had not been paid prior to the commencement of this, the second action.    After hearing such testi-

mony submitted by both sides, Judge Aldrich passed the following order, omitting the caption: "The above stated case was called for trial at the special term of the Court of Common Pleas for said county, begun to be held on the last Monday of May, 1899. Thereupon the defendants moved upon the pleadings and testimony to dismiss the complaint on the ground that this is a second action between the same parties upon the same cause, and that the costs of the former action were not paid within two years after the renditition of the verdict in the former action, and before the commencement of the present action. After hearing the testimony and argument of counsel, it is ordered, that the motion be and is hereby refused."

From this order the defendants have appealed upon the following grounds: "I. In refusing defendant's motion to dismiss the complaint on the ground that this is a second action between the same parties for the recovery of the possession of the same piece of land before the costs of the former action had been paid, the first action having terminated in favor of the defendants. II. In not holding the conditional payment of certain costs to the clerk, was not a compliance with subdivision 2, section 98, of vol. 2, Revised Statutes of South Carolina. III. In not holding that even if a party can make a conditional payment, yet plaintiffs lacked $13.40, including a worthless $5 bill, of depositing the requisite sum of money. IV. In not holding that the failure to pay the clerk's costs before the second action was brought, was fatal to the second action. V. Because the Circuit Judge erred in suggesting that the costs of the former action had been paid on the 24th of June, 1897, whereas all the testimony shows, as well as plaintiffs' notice of appeal, and Judge Townsend's order, that the item of $28.40, surveyor's bill, had not then been paid. VI. Because the Circuit Judge erred in suggesting that the payment of the costs 'as taxed,' on the 24th of June, 1897, was 'sufficient,' whereas he should have held that the law required *all costs* to be paid before instituting a second action, whether taxed

or not. VII. Because the presiding Judge erred in stating that, "This is a motion to dismiss the action in this case upon the ground that it is the second action, and that the costs of the former action have not been paid, or were not paid *within two years* after the rendition of the verdict in the former action,' when the fact is that the motion was based upon the ground that the costs of the first action had not been paid when the second action was instituted. VIII. Because the presiding Judge erred in not holding that the plaintiffs could not bring a second action before having paid the costs of their witnesses in the former action."

We do not know that any very great advantage will accrue from a consideration of each ground of appeal taken up separately; but before we conclude, we hope that we will in effect pass upon each one of them. But before we begin our consideration of them, we think it better to reproduce the remarks of his Honor, the presiding Judge, before he signed a formal order denying defendant's motion. In this connection, he said: "This is a motion to dismiss the action in this case upon the ground that it is the second action, and that the costs of the former action have not been paid, or were not paid within two years after the rendition of the verdict in the former action. It is conceded that the summons and complaint in the second action were served within the two years after the rendition of the verdict in the former action. The plaintiff contends that the costs of the former action were paid, and paid within two years after the rendition of the verdict in the former action; and in proof of their contention a paper—the taxation of costs as taxed by the clerk, on the 24th day of June, 1897— was produced (which paper must be read as part of this order). On the second page of that paper appears the item: 'Surveying, 2,840 acres,' then in a column, '$28.40,' which the clerk says was not upon the costs as taxed by him at that time, but was entered on that taxation of costs at a period subsequent thereto. It appearing that the plaintiff paid on the 24th of June, 1897, the costs as then taxed by the clerk

of the Court.   I hold that this is sufficient, and that the plaintiff is not barred from bringing this action by reason of not having paid the costs of the former action." We do not understand that the Circuit Judge held specifically that it was in the power of the plaintiff to bring a second action before he paid the costs of a former action to recover same land sought to be recovered in first suit.   There are two decisions of this Court directly in the teeth of any such holding—*Water Power Co.* v. *Land Co.,* 42 S. C., 488; *Water Power Co.* v. *Land Co.,* 47 S. C., 117.   Besides, subdivision 2, of section 98, of 2 vol. Revised Statutes of this State, is positive in its requirement that costs of first action must be first paid *before* a second action to recover land is, or can be, brought.   It is perfectly patent what the Circuit Judge meant to say, and, as we understand him, did say, namely, that where, after legal notice to the adverse side, it is sought to tax costs before the clerk, and such taxation is made by the clerk of Court, such in law is *the taxation of costs.*  Just as in the case at bar, the plaintiff gave the defendants notice of the taxation of costs before the clerk of Court, whose duty it is to tax costs.   The costs were taxed.   In such taxation, on the 24th June, 1897, the clerk *did not* enter the $28.40, which was one cent an acre for 2,840 acres surveyed; though a few days afterwards such an amount was taxed and was received by the surveyor for whom it was taxed.   We agree with the Circuit Judge, the plaintiff paid all costs as taxed by the clerk on the 24th June, 1897.   This fully met the requirement of subdivision 2 of section 98, *supra,* because it was the costs then legally ascertained to exist.

Under our laws, certainly applicable to all actions on the *law side* of the Court, costs are taxed in favor of the winning party.   Fees to be paid witnesses for the losing party are strictly not costs.   They belong to that class known as disbursements.   Witnesses may demand by suit and otherwise their pay from the losing side, when such witnesses appear in his interest and under his subpoena.

In addition to all these remarks in disposing of appellant's exceptions, we may remark that this is an action on the law side of the Court, and was tried by consent by the Circuit Judge without a jury. The defendants were entitled to a trial by the jury of this special issue. Having submitted this special issue to be tried by the Circuit Judge, they have lost the right to have this Court to review the findings of fact made by the Circuit Judge. And to this extent, at least, this Court cannot review the findings of the Circuit Judge. We, therefore, must overrule all the exceptions.

It is the judgment of this Court, that the order of the Circuit Judge denying defendants' motion to dismiss the complaint be sustained, and the action be remanded to the Circuit Court for trial.